**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000914
14-OCT-2013
09:17 AM**

NO. CAAP-12-0000914

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN D. FRYE, Plaintiff-Appellee, v.
KAREN M. SCOTT, Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10,
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0073-01)

MEMORANDUM OPINION
(By:  Foley, Presiding J. and Fujise, J.,
with Reifurth, J. concurring separately)

Defendant-Appellant Karen M. Scott (Scott) appeals from
the "Order Denying Defendant Karen M. Scott's Motion To Dismiss
Complaint Filed January 10, 2012 Pursuant To HRS 634F-2, Filed
April 13, 2012" entered in the Circuit Court of the First
Circuit[1] (circuit court) on October 15, 2012.  On January 10,
2012, Plaintiff-Appellee John D. Frye (Frye) filed his Complaint,
alleging claims against Scott for defamation and
intentional/negligent infliction of emotional distress, and
requesting punitive damages.

Scott contends the circuit court erred by failing to
dismiss Frye's complaint because it (1) was a strategic lawsuit
against public participation (SLAPP) under Hawaii Revised
Statutes (HRS) Chapter 634F; and (2) failed to state a claim upon

---

[1]  The Honorable Patrick W. Border presided.

which relief could be granted under Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6).

Frye's complaint alleged, "on or about June 22, 2011 and at other times in June and July 2011, and thereafter SCOTT made false and defamatory statements regarding FRYE, to Michael Caylor, and other Honolulu Police Department employees, Pearl Harbor, Hickam, and other United States employees, and others, including the allegation that FRYE sexually assaulted and/or raped and/or kidnapped Scott and or committed crimes against SCOTT."

## I.

> "SLAPP" means a strategic lawsuit against public participation and refers to a lawsuit that lacks substantial justification or is interposed for delay or harassment and that is <u>solely based on the party's public participation before a governmental body</u>.

HRS § 634F-1 (Supp. 2012) (emphasis added).

Circuit courts treat a motion pursuant to HRS § 634F-2 (Supp. 2012) "as a motion for judgment on the pleadings." <u>Perry v. Perez-Wendt</u>, 129 Hawai'i 95, 98, 294 P.3d 1081, 1084 (App. 2013). "Appellate courts typically review a trial court's ruling on a motion for judgment on the pleadings under the right/wrong or <u>de novo</u> standard of review." <u>Id.</u> Pursuant to HRS § 634F-2(1) and (5), courts are limited to reviewing allegations contained in the pleadings and prohibit consideration of matters outside of the pleadings. <u>Perry</u>, 129 Hawai'i at 99, 294 P.3d at 1085.

HRS § 634F-2 changes the typical burden of proof for a motion for a judgment on the pleadings.[2] To prevail in a motion

---

[2] In relevant part, HRS § 634F-2, "Required procedures; motion" reads:

> Notwithstanding any law to the contrary, including rules of court, upon the filing of any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or involves public participation and is a SLAPP lawsuit:
>
> (1) The motion shall be treated as a motion for judgment on the pleadings, matters outside the pleadings shall be excluded by the court, and the court shall expedite the hearing of the motion;
>
> (2) The moving party shall have a right:
> (A) To an immediate appeal from a court order denying
>
> (continued...)

for judgment on the pleadings under HRCP Rule 12(c), a movant must clearly establish that no material issue of fact remains and that he or she is entitled to judgment as a matter of law. Perry, 129 Hawaiʻi at 100, 294 P.3d. at 1086. By contrast, "under the anti-SLAPP statute, when a motion to dispose of the claim(s) is filed, the burden of proof and persuasion rests with the responding party, i.e. the non-moving party." Id. (citing HRS § 634F-2(4)(B)).

"The court shall grant the motion and dismiss the judicial claim, unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1[.]" HRS § 634F-2(6).

## II.

Under HRS § 634F-1, a lawsuit is a SLAPP if it "lacks substantial justification or is interposed for delay or harassment and . . . is solely based on the party's public participation before a governmental body." (Emphasis added.)

---

[2] (...continued)
the motion; and
(B) To file an application for a writ of mandamus if the court fails to rule on the motion in an expedited fashion;

(3) Discovery shall be suspended, pending decision on the motion and appeals;

(4) The responding party shall:
(A) Without leave of court, have seven days to amend its pleadings to be pled with specificity, and shall include such supporting particulars as are peculiarly within the supporting pleader's knowledge; and
(B) Have the burden of proof and persuasion on the motion;

(5) The court shall make its determination based upon the allegations contained in the pleadings;

(6) The court shall grant the motion and dismiss the judicial claim, unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1[.]

HRS § 634F-2.

HRS § 634F-1 defines "public participation" as "any oral or written testimony submitted or provided to a governmental body during the course of a governmental proceeding."

"Public participation" under HRS § 634F-1 must be "testimony submitted or provided during the course of governmental proceedings." Id. Chapter 634F does not define "testimony" nor "governmental proceeding" but this Court has employed the Black's Law Dictionary definitions of these statutory terms. Perry, 129 Hawaiʻi at 100, 294 P.3d at 1086; and see Singleton v. Liquor Comm'n, Cnty. of Hawaiʻi, 111 Hawaiʻi 234, 243-44, 140 P.3d 1014, 1023-24 (2006) ("[W]here a term is not statutorily defined . . . we [the Hawaiʻi Supreme Court] may rely upon extrinsic aids to determine such intent. Legal and lay dictionaries are extrinsic aids which may be helpful in discerning the meaning of statutory terms.").

"Testimony" is defined as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition[;]" and "firsthand authentication of a fact: EVIDENCE, an outward sign, or a solemn declaration [usually] made orally by a witness under oath in response to interrogation by a lawyer or authorized public official[.]" Perry, 129 Hawaiʻi at 100, 294 P.3d at 1086 (citing Black's Law Dictionary 1613 (9th ed. 2009) and Merriam-Webster's Collegiate Dictionary 1214 (10th ed. 2000)) (internal quotation marks omitted). In Perry, this Court also used definitions of proceeding as "any procedural means for seeking redress from a tribunal or agency, an act or step that is part of a larger action, or the business conducted by a court or other official body; a hearing[;]" and a "legal action, procedure, events, happenings, transaction, or an official record of things said or done[.]" Perry, 129 Hawaiʻi at 101, 294 P.3d at 1087 (citing Black's Law Dictionary 1324 (9th ed. 2009) and Merriam-Webster's Collegiate Dictionary 927 (10th ed. 2000)) (internal quotation marks and brackets omitted).

Considered within the context of HRS § 634F-1's focus on "public participation," Scott's statements to police authorities were not "testimony" nor were they provided "during

the course of governmental proceedings." Perry, 129 Hawai'i at 101, 294 P.3d at 1087.

Construing the "public participation" term to emphasize participation in public processes is consistent with the legislature's intent in passing the SLAPP statute: prohibiting the strategic use of a lawsuit to prevent or interfere with a person's "exercise of their right to petition, including seeking relief, influencing action, informing, communicating, and otherwise participating with government bodies, officials, employees, or the electorate[.]" H.B. 741, H.D. 1, S.D. 1, C.D. 1, 21st Leg., Reg. Sess. (2002),[3] available at http://www.capitol.hawaii.gov/session2002/Bills/HB741_CD1_.htm.

This construction of "public participation" is consistent with one of Chapter 634F's purposes: "[c]reat[ing] a more equitable balance between the rights of persons to file lawsuits and to trial by jury, and the rights of persons to petition, speak out, associate, and otherwise participate in their governments[.]" Perry, 129 Hawai'i at 98, 294 P.3d at 1084 (citing 2002 Haw. Sess. Laws Act 187, § 1 at 821-22). This balance guards against a potential chilling effect on the exercise of a person's rights to participate in governmental proceedings and the rights of persons to file lawsuits and to a trial by jury. Id.

Because Frye's complaint demonstrated that more likely than not his allegations do not constitute a SLAPP lawsuit as defined in section 634F-1, the circuit court did not err in denying Scott's motion to dismiss. HRS § 634F-2(6).

Additionally, the circuit court did not err by failing to dismiss Frye's complaint because it did not "appear[] beyond doubt that [Frye] can prove no set of facts in support of his . . . claim that would entitle him . . . to relief" as is required under HRCP Rule 12(b)(6). Cnty. of Kaua'i ex rel. Nakazawa v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007). Frye may be able to prove facts supporting his allegation that Scott's statements were defamatory and/or "made

_____

[3] Chapter 634F was introduced in 2002 as H.B. 741, 21st Leg., Reg. Session (2002).

with intent to cause or with reckless disregard of the probability of causing . . . emotional distress."

### III.

The "Order Denying Defendant Karen M. Scott's Motion To Dismiss Complaint Filed January 10, 2012 Pursuant To HRS 634F-2, Filed April 13, 2012" entered in the Circuit Court of the First Circuit on October 15, 2012 is affirmed.

DATED:  Honolulu, Hawaiʻi, October 14, 2013.

On the briefs:

Mark F. Gallagher
for Defendant-Appellant.

Scot Stuart Brower
for Plaintiff-Appellee.

Presiding Judge

Associate Judge


### CONCURRING OPINION BY REIFURTH, J.

I concur in the result.

Associate Judge